Randy J. Schaefer, Esq. (RS-3918)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
randy@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GUSTAVIA HOME, LLC,                                     Civil Action No.:

                         Plaintiff,

              -against-

JEAN MARC BIJOUX; JUNE FREEMAN BIJOUX
a/k/a JUNE FREEMAN a/k/a JUNE BIJOUX
FREEMAN; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR CAPITAL ONE HOME LOANS, LLC; CITY
OF NEW YORK ENVIRONMENTAL CONTROL
BOARD; CITY OF NEW YORK DEPARTMENT
OF TRANSPORTATION PARKING VIOLATIONS
BUREAU and JOHN DOE "1" through "12",
said persons or parties having or claimed to have a right,
title or interest in the Mortgaged premises herein, their
respective names are presently unknown to the Plaintiff,

                         Defendants.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

        Plaintiff, Gustavia Home, LLC ("Gustavia" or "Plaintiff") by and through its attorneys,

The Margolin & Weinreb Law Group, LLP, as and for its Verified Complaint to foreclose the

premises and mortgage against defendants Jean Marc Bijoux ("Bijoux"), June Freeman Bijoux

a/k/a June Freeman a/k/a June Bijoux Freeman ("Freeman"); Mortgage Electronic Registration

Systems, Inc., as Nominee for Capital One Home Loans, LLC ("MERS"); City of New York

Environmental Control Board; City of New York Department of Transportation Parking Violations

Bureau, and John Doe "1" through "12" (the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.      This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 221-02 114th Avenue, Cambria Heights, New York 11411 known on the Queens County Tax Map as Block: 11240; Lot: 41 in Queens County, New York State (the "Property").  The legal description of the Property is attached as **Exhibit A**.

## PARTIES

1.      Gustavia is a limited liability company organized under Florida law with its principal place of business located at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

2.      Gustavia is a single-member limited liability company.

3.      Gustavia's single-member is an individual who is a citizen of the United States and who is domiciled in the State of Florida.

4.      Upon information and belief, Bijoux is a citizen of the United States who is domiciled in New York State having an address at 221-02 114th Avenue, Cambria Heights, New York 11411.

5.      Upon information and belief, Freeman is a citizen of the United States who is domiciled in New York State having an address at 221-02 114th Avenue, Cambria Heights, New York 11411.

6.      Freeman and Bijoux are necessary party-defendants to this action because they (i) were present at the time of the execution of the Note and Mortgage (as such terms are defined

2

below); (ii) are the record owners of the Property; (iii) are the borrowers of the loan; and (iv) are the mortgagors under the Mortgage.

7.      Upon information and belief, Mortgage Electronic Registration Systems, Inc., as Nominee for Capital One Home Loans, LLC, is incorporated in the State of Delaware with its principal place of business located at 1818 Library Street, Reston, Virginia.   Therefore, for diversity jurisdiction, it is a citizen of Delaware and Virginia.

8.      Mortgage Electronic Registration Systems, Inc., as Nominee for Capital One Home Loans, LLC is a necessary party-defendant to this action because it is a subordinate mortgagee by virtue of a mortgage recorded against the Property on June 15, 2007 in CRFN: 2007000311294.

9.      The City of New York Environmental Control Board was established under §1404 of the New York City Charter and operates as an administrative tribunal of the City of New York.   As such, for purposes of diversity jurisdiction, the City of New York Environmental Control Board, with its principal place of business located at 1250 Broadway, 7th Floor, New York, New York 10001 is a citizen of New York State.

10.      The City of New York Environmental Control Board is a necessary party-defendant by virtue of Queens County Environmental Control Board judgments.

11.      Upon information and belief, City of New York Department of Transportation Parking Violations Bureau, is incorporated in the State of New York and authorized to do business in New York at 100 Church Street, New York, New York 10007.

12.      City of New York Department of Transportation Parking Violations Bureau is a necessary party-defendant to this action because it is a lienor by virtue of New York City Parking Violations Bureau Judgment(s).

13.     Upon information and belief, John Doe #1 through #12 are persons, parties, corporations or other entities, if any, who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including interests, in and to any subordinate judgment or liens upon the Property.  Such Defendants are joined as party-defendants herein for the purpose of foreclosing and terminating their respective interests, if any, in and to the Property.

14.     Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the Mortgage lien.

## JURISDICTION AND VENUE

15.     This Action is between citizens of different states.

16.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

17.     Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

18.     Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

19.     A substantial part of the events giving rise to this action took place within this Court's jurisdiction and the Property is located in this District.

## FACTUAL BACKGROUND

20.     On May 21, 2007, Freeman and Bijoux executed a Note to Capital One Home Loans, LLC, whereby it loaned to Freeman and Bijoux and they agreed to repay the sum of $76,450.00 plus interest.  Copies of the Note and Allonges are attached as **Exhibit B**.

21.     To secure the repayment of the Note, Freeman and Bijoux executed a Mortgage in the principal amount of $76,450.00 plus interest to Capital One Home Loans, LLC.

22.     The applicable mortgage tax was paid.

23.   Said Mortgage was recorded on June 15, 2007 in the Queens County Clerk's Office in CRFN: 2007000311294.  A copy of the Mortgage is attached as **Exhibit C.**

24.   The Mortgage was assigned to Ocwen Loan Servicing, LLC, by assignment of mortgage dated September 3, 2014 and recorded January 22, 2016.

25.   The Mortgage was further assigned to Blacknote Capital, LLC, by assignment of mortgage dated September 3, 2014 and recorded January 22, 2016.

26.   The Mortgage was assigned to Crosby Capital USA, LLC, by assignment of mortgage dated September 3, 2014 and recorded January 22, 2016.

27.   The Mortgage and Note were further assigned to Plaintiff by assignment of mortgage dated November 16, 2015 and recorded in the Office of the City, Register of the City of New York in the county of Queens on January 22, 2016. A copy of the assignments are attached as **Exhibit D**.

28.   Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

29.   Freeman and Bijoux have failed to comply with the terms and provisions of the Mortgage and said instrument(s) secured by the Mortgage, by failing to pay the installment balance due on October 25, 2009 and the default continues to date.

30.   Plaintiff has complied with the contractual provisions contained in the Mortgage in that a 30-day notice to cure was issued on October 9, 2015 (the "Default Notice") advising Freeman and Bijoux that Plaintiff has elected to accelerate the loan and that because of the continuing default under the Note and Mortgage, Plaintiff declared that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.  A copy of the Default Notice with proof of mailing is attached as **Exhibit E**.

31.     The 90-day notices required under RPAPL §1304(1) were issued on January 8, 2016. Copies of the 90 day notices and proof that Plaintiff complied with the registration requirement under RPAPL §1306 is attached as **Exhibit F**.

32.     Pursuant to RPAPL §1302 as amended, Plaintiff has complied with all the provisions of §§595a and 6-1 of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

33.     As of the date herein, neither Freeman nor Bijoux have responded to the Default Notices.

34.     Due to the above-described default, Freeman and Bijoux are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for the unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges totaling $94,905.67 as of October 9, 2015 (*See* Exhibit E.)

35.     Due to the above-described default, Freeman and Bijoux are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full.

36.     Due to the above-described default, Freeman and Bijoux are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

37.     Plaintiff requests that if this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

        a.    Any state of facts that an inspection of the Property would disclose.

b. Any state of facts that an accurate survey of the Property would show.

c. Covenants, restrictions, easements and public utility agreements of record, if any.

d. Building and zoning ordinances of the municipality in which the property is located and possible violations of same.

e. Any right of tenants or person in possession of the Property.

f. Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

g. Prior lien(s) of record, if any.

38.     If Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

39.     Plaintiff shall not be deemed to have waived, altered, released, or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

40.     No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the said sum secured by the Note and Mortgage or any part thereof.

**WHEREFORE**, Plaintiff demands judgment that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right,

title, interest, claim, lien and equity of redemption of, in, and to the Property and each and every part and parcel thereof; that the Property may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that Plaintiff may be paid the amount due on the Note and Mortgage as set forth herein, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of the Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of the Property during the pendency of this action with the usual powers and duties; and that Freeman and Bijoux may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment, and that if Plaintiff possesses any other lien(s) against the Property either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Property to Plaintiff, and that Plaintiff may have such other and further relief as is just and equitable.

8

Dated: Syosset, New York
      July 20, 2016

           **THE MARGOLIN & WEINREB LAW GROUP, LLP**
           Attorneys for Plaintiff, Gustavia Home, LLC

      By:    */s/ Randy J. Schaefer*
           Randy J. Schaefer, Esq.
           165 Eileen Way, Suite 101
           Syosset, New York 11791
           (516) 921-3838
           Randy@nyfclaw.com

## <u>VERIFICATION BY ATTORNEY</u>

**Randy J. Schaefer, Esq.**, an attorney duly admitted to practice before the New York State courts and associated with Plaintiff's attorneys of record, affirms under the penalties of perjury that:

I have read the foregoing Verified Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds for my belief as to matters not based upon personal knowledge are communications with Plaintiff's representatives, officers, and agents and my review of copies of Plaintiff's records in my possession. This affirmation is made by me because Plaintiff is not in a county in which my firm has its office.

Dated: Syosset, New York
        July 20, 2016

                                        */s/ Randy J. Schaefer*
                                        **RANDY J. SCHAEFER, ESQ.**