UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GUSTAVIA HOME, LLC,                                              Civil Action No.: 16-4029 (SJ)(RML)

                        Plaintiff,

    -against-

JEAN MARC BIJOUX; JUNE FREEMAN BIJOUX
a/k/a JUNE FREEMAN a/k/a JUNE BIJOUX
FREEMAN; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR CAPITAL ONE HOME LOANS, LLC; CITY
OF NEW YORK ENVIRONMENTAL CONTROL
BOARD; CITY OF NEW YORK DEPARTMENT
OF TRANSPORTATION PARKING VIOLATIONS
BUREAU and JOHN DOE "1" through "12",
said persons or parties having or claimed to have a right,
title or interest in the Mortgaged premises herein, their
respective names are presently unknown to the Plaintiff,

                        Defendants.
-----------------------------------------------------------------------X

## JUDGMENT OF FORECLOSURE AND SALE

On the Summons in a Civil Action and Verified Complaint and (the "Complaint") filed herein on July 20, 2016; and upon the decision of Judge Sterling Johnson, Jr., United States District Judge, that granted Plaintiff Gustavia Home, LLC's Motion for a Judgment of Foreclosure and Sale and Caption Amendment finding all Defendants in default of answering the Complaint, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

NOW, upon the Bill of Costs of Randy J. Schaefer, Esq., dated January 18, 2017; and on the Affidavit of Statement of Damages of Jared Dotoli, sworn to the 23rd day of January, 2017, the Court finds that;

The amount computed by the Court to be due on the Note ("Note") and Mortgage is $125,210.73, including interest as set forth on the schedule annexed to Plaintiff's Motion as

Exhibit "C" as of January 19, 2017, including costs of $2,273.00, in accordance with the Bill of Costs set forth in Plaintiff's Motion.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto and sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held at the United States District Court for the Eastern District of New York, located at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, by and under the direction of _____, (hereinafter the "Referee") who is hereby designated as Referee herein to sell the mortgaged premises located at 221-01 114th Avenue, Cambria Heights, New York 11411, in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in _____ and in the case Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his/her duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third-party other than the Plaintiff becomes the

purchaser or purchasers at such sale, the closing of title shall be had 30 days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his/her duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in _____ Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st    The sum of $1,500.00 to said Referee for his/her fees herein.

2nd    The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him/her to be correct, duplicate copies of which shall be left with said depository.

3rd    And also the sum of $125,210.73 (inclusive of costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from January 19, 2017, and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his/her duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his/her report of sale.  That said Referee or his/her duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

If Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or if the rights of the purchaser at said sale and the terms of sale under this judgment

are assigned to and acquired by Plaintiff or any such governmental agency, and a valid assignment is filed with the Referee or his/her duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. The Referee or his/her duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there is a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his/her duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his/her duly appointed designees shall deposit said surplus as hereinabove directed.

The Referee or his/her duly appointed designee shall make his/her report of such sale and shall file it with the Clerk of the Court with all convenient speed; and it is further

**ORDERED AND ADJUDGED**, that the caption is hereby amended as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GUSTAVIA HOME, LLC,                                          Civil Action No.: 16-4029 (SJ)(RML)

                              Plaintiff,
        -against-

JEAN MARC BIJOUX; JUNE FREEMAN BIJOUX
a/k/a JUNE FREEMAN a/k/a JUNE BIJOUX
FREEMAN; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR CAPITAL ONE HOME LOANS, LLC; CITY
OF NEW YORK ENVIRONMENTAL CONTROL
BOARD; and CITY OF NEW YORK DEPARTMENT
OF TRANSPORTATION PARKING VIOLATIONS
BUREAU

                             Defendants.
------------------------------------------------------------------X

and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the Referee or his/her duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in § 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Said premises commonly known as 221-02 114th Avenue, Cambria Heights, New York 11411. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: Brooklyn, New York
_____, 2017

_____
Honorable Sterling Johnson, Jr., USDCJ

# Closing USA, LLC

## SCHEDULE A

## DESCRIPTION OF MORTGAGED PREMISES

Title No.: DS150037097

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens and City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southerly side of 114th Avenue and the easterly side of 221st Street;

RUNNING THENCE Easterly along the southerly side of 114th Avenue 27.50 feet;

THENCE Southerly parallel with 221st Street, 100 feet;

THENCE Westerly parallel with 114th Avenue 27.50 feet to the easterly side of 221st Street;

THENCE Northerly along the easterly side of 221st Street 100 feet to the point or place of BEGINNING.