UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
GUSTAVIA HOME, LLC,                                    Civil Action No.: 16-4029 (SJ)(RML)

                Plaintiff,

    -against-

JEAN MARC BIJOUX; JUNE FREEMAN BIJOUX
a/k/a JUNE FREEMAN a/k/a JUNE BIJOUX
FREEMAN; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR CAPITAL ONE HOME LOANS, LLC; CITY
OF NEW YORK ENVIRONMENTAL CONTROL
BOARD; CITY OF NEW YORK DEPARTMENT
OF TRANSPORTATION PARKING VIOLATIONS
BUREAU and JOHN DOE "1" through "12",
said persons or parties having or claimed to have a right,
title or interest in the Mortgaged premises herein, their
respective names are presently unknown to the Plaintiff,

                Defendants.
---------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys for Plaintiff Gustavia Home, LLC
165 Eileen Way, Suite 101
Syosset, New York 11791
Tel.: (516) 921-3838

PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Plaintiff Gustavia Home, LLC ("Plaintiff" or "Gustavia Home") in support of Plaintiff's motion for a default Judgment of Foreclosure and Sale against all defendants pursuant Federal Rule of Civil Procedure ("F.R.Civ.P.") Rule 55(a) and Local Civil Rule 55.2.[1]

As set forth below, and in the accompanying Affidavit of Jared Dotoli, member of Gustavia Home, Plaintiff has demonstrated that it is entitled to a default judgment in this matter, as well as damages due as a result of Barbara Lawrence's default.

FACTUAL BACKGROUND

On July 20, 2016, Plaintiff commenced this action by filing a complaint against Jean Marc Bijoux, June Freeman Bijoux, a/k/a June Freeman a/k/a June Bijoux Freeman; Mortgage Electronic Registration Systems, Inc., as nominee for Capital One Home Loans, LLC; City of New York Environmental Control Board, City of New York Department of Transportation Parking Violations Bureau ("Defendants") and John Doe 1 through 12 pursuant to New York Real Property Actions and Proceedings Law §1391, *et seq.*, to foreclose on a mortgage encumbering the property located at 221-02 114th Avenue, Cambria Heights, New York 11411.

On January 3, 2017, Plaintiff requested that the Clerk of this Court enter Certificates of Default against each defendant, and on January 10, 2017, the Clerk granted the request.[2] This

---

[1] Local Rule 55.2, entitled "Default Judgment" provides (a) By the Clerk. Upon issuance of a Clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, and does not include a request for attorney's fees or other substantive relief, and if a default judgment is sought against all remaining parties to the action, the moving party shall submit an affidavit showing the principal amount due and owning, not exceeding the amount sought in the claim to which not response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. §1920. (b) By the Court. In all other cases the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.

[2] See Docket No. 17.

Memorandum is respectfully submitted in support of Plaintiff's Motion for a default Judgment of Foreclosure and Sale.

## THE DEFENDANTS' DEFAULT

Rule 55 of F.R.Civ.P. governs the entry of default judgments. F.R.Civ.P. Rule 55 states, in pertinent part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been default for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury – when, to enter or effectuate judgment, it needs to:
> >
> > > (A) Conduct an accounting;
> > > (B) Determine the amount of damages;
> > > (C) Establish the truth of any allegation by evidence; or
> > > (D) investigate any other matter.

A default occurs if the defendant does not respond to the complaint within 21 days after being served with the summons and complaint. *See*, Fed. R. Civ. P. 12(a)(1)(A)(i). *See also*, *Bridgewater v. Taylor,* 832 F. Supp. 2d 337 (SDNY 2011).

In determining whether a default judgment is appropriate, "the court must accept as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain*

3

*Corp. v. Artect, Inc.*, 653 F. 2d 61, 65 (2d Cir. 1981). Moreover, the clerk may enter a judgment when the claim is one for a sum certain, if furnished with an affidavit of the amount due and provided that defendant has been defaulted for failure to appear. *Enron Oil Corp. v. Diakuhara*, 10 F3d 90, 94 (2d Cir. 1993).

The Second Circuit Court in *Enron v. Diakuhara* began its analysis by tracing the procedures established by Rule 55 for the entry of default and the entry of a default judgment. The Court said:

> Rule 55(a) states that a clerk may enter a default upon being advised by affidavit or otherwise that a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. The clerk's record should contain a notation to that effect. Fed.R.Civ.P. 55(a). Rule 55(b)(1) and Rule 55(b)(2) provide that judgment by default be entered as follows: The clerk may enter a judgment when the claim is one for a sum certain, if furnished with an affidavit of the amount due, and provided that defendant has been defaulted for failure to appear. *See* Fed.R.Civ.P. 55(b)(1). In any other case, other than a sum certain, application must be made to the court for a default judgment. The defendant, if he or she has appeared, is entitled to three days written notice prior to the hearing on such application. *See* Fed.R.Civ.P. 55(b)(2). If in order to enter a default judgment the amount of damages must be ascertained, the court may conduct a hearing or order a reference. *Id.*

"In default, the plaintiff is limited to its pleadings." It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992); *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 69-70 (2d Cir.), *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

Here, as set forth in the complaint, Gustavia Home provided a copy of the note, the mortgage and evidence of the default.[3] "Under New York law, introduction by the plaintiff of the note and mortgage and evidence of non-payment establishes *prima facie* case for foreclosure." *Regency Sav. Bank, FSB v. Merritt Park Lands*, 139 F. Supp. 2d 462 (SDNY 2001). Moreover,

---

[3] See Docket No. 1 Exhibits B, C, E, and F.

4

the claim in this case is for a sum certain (i.e. $125,210.73)(See Dotoli Affidavit attached to Plaintiff's Motion for Default Judgment of Foreclosure and Sale at Exhibit C.)

## DAMAGES ARE FOR A SUM CERTAIN

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that, in order to determine the amount of damages in the context of a default judgment, "the court may conduct ... a hearing." We have held that, under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Services, Inc.,* 873 F.2d 38, 40 (2d Cir.1989); *see Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir.1993) ("not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation ...'"); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir.1991) (where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

Here, in this straight-forward mortgage foreclosure action where Defendants have neither appeared nor disputed the amounts owed, Plaintiff submits the Affidavit of its member Jared Dotoli, sworn to on January 23, 2017.[4] The affidavit sets forth the basis for Plaintiff's request for damages. Plaintiff establishes the principal balance owed by Defendants is $73,290.11 and the

---

[4] See Exhibit C attached to Plaintiff's Declaration of Regularity in Support of Judgment of Foreclosure and Sale.

accrued interest from the date of default (i.e. October 25, 2009) through January 19, 2017 is $49,647.02.[5]

Accordingly, it is respectfully submitted that Plaintiff has met its burden of establishing a valid basis for its damages.

## CONCLUSION

Accordingly, Plaintiff requests that this Court confirm the Clerk's Entry of Default and grant a Judgment of Foreclosure and Sale in the form so annexed to Plaintiff's Motion.

Dated: Syosset, New York
January 24, 2017

Respectfully Submitted,

By:   */s/ Randy J. Schaefer*
Randy J. Schaefer, Esq. (RJS#3918)

---

[5] Interest is calculated by taking the principal balance (i.e. $73,290.11) and multiplying it by 9.25% (interest rate under the Note) and then dividing that number by 365 days to obtain the per diem interest which, in this case equals $18.57352. Since the date of default is October 25, 2009 (and interest pursuant to the Note is paid in arrears), the interest is calculated from September 25, 2009 through January 19, 2017 which is 2673 days. When you multiply 2673 days times the per diem (i.e. $18.57352) the interest calculation is $49,647.02. If you add the total past due interest (i.e. $49,647.02) to the principal balance ($73,290.11), the total payoff owed on this loan is $125,210.72 which includes costs of $2,273.60 (See Bill of Costs attached to Motion as Exhibit D.)

6