UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

GUSTAVIA HOME, LLC,

Civil Action No.: 16-4029(SJ)(MRL)

Plaintiff,

-against-

JEAN MARC BIJOUX; JUNE FREEMAN BIJOUX a/k/a JUNE FREEMAN a/k/a JUNE BIJOUX FREEMAN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CAPITAL ONE HOME LOANS, LLC; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU and JOHN DOE "1" through "12", said persons or parties having or claimed to have a right, title or interest in the Mortgaged premises herein, their respective names are presently unknown to the Plaintiff,

Defendant(s).

------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT'S MOTION TO VACATE**


**THE MARGOLIN & WEINREB LAW GROUP, LLP**
165 Eileen Way, Suite 101
Syosset, New York 11791
516.921.3838
Attorneys for Plaintiff Gustavia Home, LLC


SERVED ON: August 15, 2019

## TABLE OF CONTENTS

Table of Contents ..... ii

Table of Authorities ..... iii

PRELIMINARY STATEMENT ..... 1

LEGAL ARGUMENT ..... 2

I. Defendant's Application to Vacate his Default Must be Denied ..... 2

A. The Relevant Legal Standard ..... 2

B. The Burden of Proof ..... 3

C. Service of Process ..... 3

D. Application ..... 4

II. Defendant Has No Meritorious Defense to the Instant Action ..... 5

**I.** CONCLUSION ..... 8

## TABLE OF AUTHORITIES

### Table of Cases

*Bank of New York v. Samuels*, 107 A.D.3d 653, 968 N.Y.S.2d 93 (2nd Dept. 2013)................5

*Burda Media, Inc. v. Viertel*, 417 F.3d 292, 297 (2d Cir. 2005)......................................3

*Community West Bank, N.A. v. Stephen*, 127 A.D.3d 1008, 9 N.Y.S.3d 275 (2nd Dept. 2015).......5

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2nd Cir. 1993)..............................................2

*Federal National Mortgage Association v. Rich Mar Construction Corp.*,
138 Misc. 2d 316, 523 N.Y.S.2d 963 (Sup. Ct. 1988)..................................................5

*First Federal Savings Bank v. Midura*, 264 A.D.2d 407, 694 N.Y.S.2d 121 (2nd Dep't. 1999).......8

*Kochisarli v. Tenoso*, 2008 U.S. Dist. Lexis 33892 (E.D.N.Y. 2008)...................................8

*Kotlicky v. United States Fidelity & Gar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)..........................4

*Marine Midland Bank v. Malmstorm*, 186 A.D.2d 722, 588 N.Y.S.2d 655 (2nd Dep't. 1992).......8

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314,
70 S. Ct. 652, 94 L. Ed. 865 (1950)..........................................................................4

*NYCTL 1997-1 Trust v. Nillas*, 288 A.D.3d 279, 732 N.Y.S. 2d 872, 873 (2nd Dept. 2001).........5

*Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am, Inc.*, 301 F.3d 54, 57 (2nd Cir. 2002)..............5

*Omni Capital Int'l Ltd. V. Rudolph Wolff & Co.*,
484 U.S.97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)...........................................3

*Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc.*,
708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010).................................................................3

*United Companies Lending Corp. v. Hingos*,
283 A.D.2d 764, 724 N.Y.S.2d 134 (3rd Dep't. 2001).................................................8

### Table of Statutes and Rules

CPLR §308(2)..................................................................................................3, 4, 5

CPLR
§3012(b)............................................................................................................4, 6

Fed. R. Civ. P. 55(a)..........................................................................................2

Fed. R. Civ. P. 55(c) ........................................................................................2

Fed. R. Civ. P. 60(b)....................................................................................2, 3

Fed. R. Civ. P. 60(b)(4)....................................................................................3

Fed. R. Civ. P. 60(c)(1) ....................................................................................3

Fed. R. Civ. P. 4(e)(1).......................................................................................3

FRCP Rule 4(e)(2)(B).......................................................................................3

R.P.A.P.L 1303............................................................................................4, 6

## PRELIMINARY STATEMENT

This action was brought to foreclose the mortgage made by Defendants Jean Marc Bijoux ("Bijoux") and June Freeman Bijoux a/k/a June Freeman a/k/a June Bijoux Freeman ("Freeman") on May 21, 2007 to Plaintiff's Predecessor in Interest, Capital One Home Loans ("Capital One") to secure the sum of $76,450.00 and interest (the "Mortgage"). The Mortgage secured the property known as 221-02 114th Avenue, Cambria Heights, New York 11411 (hereinafter the "Subject Premises"). On the same date, Bijoux and Freeman also duly executed, acknowledged and delivered to Capital One a note in the amount of $76,450.00 (the "Note"). Based on the Defendants' default in payment on the Note and Mortgage the instant action was initiated with this Court on July 20, 2016 with the filing of the Summons and Verified Complaint. [*See* ECF Docket No. 1 with corresponding Exhibits].

Defendant Jean Marc Bijoux brings the instant application to vacate his default more than two and a half years after being served with the Summons, Verified Complaint, as well as, various notices received in conjunction with the applications made by Plaintiff, *i.e.,* Notice of Motion seeking Default Judgment [*See* ECF Docket No. 18 at Exhibit 9], Report and Recommendation [*See* ECF Docket No. 21], notices pertaining to the sale of the Subject Premises including the publishing of notices and after a sale being lawfully conducted by the Plaintiff. [See ECF Docket No. 27] The Subject Premises was subsequently sold by judicial foreclosure sale pursuant to the Judgment of Foreclosure and Sale on March 29, 2018. The time to appeal any order entered herein has since expired. Defendant Bijoux alleges, without any documentary proof for corroboration, that he was unaware of the instant action and was only informed of same when a Summary Holdover Proceeding was initiated against him. The Defendant has sat idly by throughout this foreclosure action.

## LEGAL ARGUMENT

## I. DEFENDANT'S APPLICATION TO VACATE HIS DEFAULT MUST BE DENIED

### A. The Relevant Legal Standard

Plaintiff filed a Request for Certificate of Default on January 3, 2017 [*See* ECF Docket No. 15] pursuant to Fed. R. Civ. P 55 (a), which was subsequently granted by Entry of Default on January 10, 2017 [*See* ECF Docket No. 17]. Pursuant to Fed. R. Civ. P. 55(c) a court may set aside an entry of default for good cause, and it may set aside a default judgment under Fed. R. Civ. P. 60(b).

Fed. R. Civ. P 60(b) empowers a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)

The criteria that must be assessed in order to decide whether to relieve a party from default or from default judgment are: whether a default was willful, whether setting aside a default would prejudice adversary, and whether a meritorious defense is presented. Other relevant equitable factors that may be considered include whether failure to follow a rule of procedure was a mistake, made in good faith and whether entry of default would bring about harsh or unfair result. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2nd Cir. 1993).

B. The Burden of Proof

Defendant claims that he was never served with a summons and complaint. Whereas here, a defendant moves to vacate a default judgment for insufficient service of process, courts generally construe the motion as one made under Fed R. Civ. P. Rule 60(b)(4). *Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc.*, 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) ("Giving Defendant the benefit of the intendment of its argument, the Court interprets its brief to allege that the default judgment is "void" pursuant to Rule 60(b)(4) because Local 531 failed to adequately serve process, and thus the Court lacked jurisdiction to issue the default judgment against him.) *see also, Burda Media, Inc. v. Viertel*, 417 F.3d 292, 297 (2d Cir. 2005). When the validity of service of process is raised in a motion to set aside a default judgment, as in this case, the movant bears the burden of proof. *Id.* at 299. "A motion made under Rule 60(b) must be made within a reasonable time...." Fed. R. Civ. P. 60(c)(1).

C. Service of Process

In order to establish personal jurisdiction over a Defendant, a Plaintiff must show valid service of process. *See Omni Capital Int'l Ltd. V. Rudolph Wolff & Co.*, 484 U.S.97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). Rule 4(e) states that service can be obtained "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1).

Additionally, Fed. R. Civ. P. Rule 4(e)(2)(B) provides that service can be made by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. As this Court is located in New York, CPLR §308(2) also provides in pertinent part:

> that personal service upon a natural person may be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by either mailing

> the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business...

N.Y. C.P.L.R §308(2)

In order to exercise personal jurisdiction over the Defendant, the Plaintiff must (1) have served the Defendant in accordance with the requirements of state law; and (2) the assertion of jurisdiction must comport with due process, which requires that service of process be "reasonably calculated, under all the circumstances" to inform the defendant of the action and provide an opportunity to be heard and respond. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

"[C]ourts require that the evidence of the motion to vacate a final judgment be 'highly convincing.'" *Kotlicky v. United States Fidelity & Gar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). No evidence of this nature exists in this action.

D. Application

In this case, on November 14, 2016, Joseph Leggio, the process server, served Defendant Jean Marc Bijoux with a copy of the Summons in a Civil Action, Verified Complaint, New York Real Property Actions and Proceedings Law ("RPAPL") Section 1303 Notice and Certificate of Merit pursuant to CPLR §3012(b) at 221-02 114th Avenue, Cambria Heights, New York 11411 by and through "Luc Bijoux" Defendant Jean Marc Bijoux's Brother, who is a person of suitable age and discretion. [*See* ECF Docket No. 13]

Additionally, on November 14, 2016, Joseph Leggio mailed the above-described documents to Jean Marc Bijoux in a 1st Class postpaid properly addressed envelope to 221-02 114th Avenue, Cambria Heights, New York 11411, the Defendant's place of residence. [*See* ECF

Docket No. 13]. Defendant was properly served pursuant to Fed. R. Civ. P. Rule 4(e)(2)(B) and CPLR §308(2).

In New York, a process server's affidavit of service establishes a *prima facie* case of the account of the method of service. *Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am, Inc.*, 301 F.3d 54, 57 (2nd Cir. 2002); *see also NYCTL 1997-1 Trust v. Nillas*, 288 A.D.3d 279, 732 N.Y.S. 2d 872, 873 (2nd Dept. 2001) ("The affidavit of the process server constituted prima facie evidence of process service pursuant to CPLR 308...") In order to be granted a traverse hearing, a party must present some questions of fact rather than mere denial of service. *Federal National Mortgage Association v. Rich Mar Construction Corp.*, 138 Misc. 2d 316, 523 N.Y.S.2d 963 (Sup. Ct. 1988).

A defendant's sworn denial of receipt of service...rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing. *NYCTL 199701 Trust v. Nillas*, 288 A.D.2d 279, 732 N.Y.S.2d 872, 873 (2nd Dept. 2001). Defendant Jean Marc Bijoux alleges, without any documentary evidence nor a sworn affidavit from his brother, Luc Bijoux, that he "never received proper service of the Complaint" and "when I asked my brother if he had received any Court papers, he said no." [*See* ECF Docket No. 30 Page 2 of 3].

Defendant has submitted only a bare denial of service. There is no documentary evidence to corroborate any of the claims and allegations that are made in the Defendant's naked "affidavit." A "[m]ortgagor's bare and unsubstantiated denial of service of mortgagee's complaint to foreclose her mortgage lacked the factual specificity and detail required to rebut the prima facie proof of service..." *See Community West Bank, N.A. v. Stephen*, 127 A.D.3d 1008, 9 N.Y.S.3d 275 (2nd Dept. 2015); *see also Bank of New York v. Samuels*, 107 A.D.3d 653, 968 N.Y.S.2d 93 (2nd Dept. 2013).

Defendant Jean-Marc Bijoux's Affidavit in Support is hardly "probative" as the application is not supported by any evidence that Luc Bijoux does not reside with Jean-Marc Bijoux or that Luc Bijoux does not fit the description as provided in the Affidavit of Service of Jean Marc Bijoux. [*See* ECF Docket No. 13]. In fact, no Affidavit from Luc Bijoux is submitted with the application corroborating any of the Defendant's spurious allegations.

Here, Joseph Leggio, the process server, did not merely "conjure" up Luc Bijoux when service was effectuated on Jean Marc Bijoux on November 9, 2016. Luc Bijoux is not even a named Defendant in the action. [*See* ECF Docket No. 13]. Defendant's allegations regarding non-service on his brother, "Luc Bijoux on November 17, 2016" is only further corroborated by Defendant's own Affidavit that his brother is indeed Luc Bijoux. Similarly, Defendant's meritless allegations are belied by Plaintiff's submission of the Affidavit of Joseph Leggio attesting to having a lengthy conversation with Luc Bijoux at the time service was effectuated on Jean Marc Bijoux. *See* Alan Smikun Declaration (hereinafter "Smikun Decl.") at Exh. "1". Mr. Leggio also was able to obtain a Global Positioning System Photograph of Luc Bijoux at the time of service and the signature of Luc Bijoux on Leggio's work ticket confirming receipt of the pleadings in the instant action. *See* Smikun Decl. at Exhibit "1"[1].

Notably, the Defendant's affidavit is silent as to receipt of any of the mailings in the instant action. [*See* ECF Docket No. 30]. According to the Affidavit of Service filed in the instant action, on November 17, 2016, Joseph Leggio enclosed a copy of the RPAPL §1303 Notice, Summons, Verified Complaint and Certificate of Merit pursuant to CPLR §3012(b) in an envelope and mailed same to Jean Marc Bijoux at the Subject Premises. [*See* ECF Docket No. 13] The Affidavit in

---

[1] *See* **Exhibit "B"**.

Support from Defendant Jean Marc Bijoux is also silent as to receipt of any of the other mailings in the instant action[2]. *See* ECF Docket No. 29, 30 and 31.

## II. DEFENDANT HAS NO MERITORIOUS DEFENSE TO THE INSTANT ACTION

Defendant has set forth no meritorious defense to the instant action. Rather incredulously, Defendant alleges that he "signed the note and mortgage, but Ms. Freeman[3] told me that we had not received the money because I had bad credit. I thought, therefore, that we were not approved for the second mortgage." *See* Docket No. 30 Page 1 at ¶2. Defendant readily admits to signing the Note and Mortgage and would have this Court believe that monies were never dispersed because of Jean Marc Bijoux's belief that he had "bad credit". *See* ECF Docket No. 30.

Notably, Defendant was awarded the Subject Premises based on a Judgment of Divorce entered into by June Freeman-Bijoux and Jean Marc Bijoux on July 10, 2013, and the Subject Premises was deeded subsequently on May 31, 2011 to Jean Marc Bijoux. This deed was later recorded on June 7, 2011 in the Office of the City Register of the City of New York County of Kings in CRFN: 2011000201507. [*See* ECF Docket No. 29 Pages 6-8]. Based on the Judgment of Divorce, Jean-Marc Bijoux had an obligation to indemnify and hold [June Freeman] free and harmless from any liabilities incurred in connection with the Residence located at 221-02 114th Avenue, Cambria Heights, New York 11411, including without limitation, **liability for mortgage obligations, taxes, rent, utilities, insurance and repairs**..." [*See* Docket No. 29 Page 8 of 17] (emphasis added). Clearly, Defendant Jean Marc Bijoux by willfully entering into the Judgment of Divorce was aware that a mortgage obligation existed. Defendant Jean-Marc Bijoux meritlessly

---

[2] Reference is also made to the various pleadings in the instant action which were mailed as demonstrated by the filed Affidavits of Service to the Subject Premises to which Jean Marc Bijoux has not denied receipt. [*See* ECF Docket Nos.:18, 21 and 26]. None of these mailings were returned to Plaintiff's attorney's office.

[3] June Freeman is a Co-Defendant and an co-obligor and co-mortgagor in the instant action. *See* Note and Mortgage at ECF Docket No. 1 Complaint at Exh. B. and Exh. C.

alleges that he only found out about this foreclosure action when he appeared for a holdover proceeding on September 11, 2018 and was advised by the judge to request a stay. [*See* Docket No. 29 Page 1 of 17].

Equally unavailing is the Defendant's allegation that he rendered a payment of $700.18 to SN Servicing Corporation on behalf of Gustavia Home, LLC on September 28, 2018. [See ECF Docket No. 29]. There is no proof that the money order was even submitted to SN. *See* Smikun Decl. at Exh. "2". Even assuming this money was remitted, Defendant fails to provide any documentary evidence that he tendered the full amount owed to Plaintiff or taken any steps to rectify his outstanding obligations. When a loan is in arrears, as herein, the mortgagee has to right to insist upon payment of the full arrears. Accordingly, the mortgagee has the right to reject payment if it is insufficient to cure the default. *First Federal Savings Bank v. Midura*, 264 A.D.2d 407, 694 N.Y.S.2d 121 (2nd Dep't. 1999). (A valid tender requires an actual proffer of all mortgage arrears); *see also United Companies Lending Corp. v. Hingos*, 283 A.D.2d 764, 724 N.Y.S.2d 134 (3rd Dep't. 2001); *Hudson City Savings Inst. V. Burton*, 88 A.d.2d 728, 451 N.Y.S.2d 855 (3rd Dep't. 1982); *see also Kochisarli v. Tenoso*, 2008 U.S. Dist. Lexis 33892 (E.D.N.Y. 2008). A defendant only has a defense to a foreclosure if the full quantum of the arrears is tendered. Rejection of a partial tender is authorized. *See Marine Midland Bank v. Malmstorm*, 186 A.D.2d 722, 588 N.Y.S.2d 655 (2nd Dep't. 1992).

In the instant case, Defendant has no meritorious defense to the instant foreclosure action.

## CONCLUSION

Despite the Defendant having been served with a myriad of notices and pleadings in this foreclosure action, he has failed to appear and is in default. [*See* ECF Docket No. 17]. Defendant now comes before this Court almost two years later with a scant self-serving affidavit and no

documentary evidence corroborating any of the allegations made within. The Defendant's allegations are belied by documentary evidence submitted by Plaintiff. Further, the Defendant has failed to posit a meritorious defense to the instant action. Defendant's default was willful and vacatur of default and judgment in this action would bring about harsh or unfair result and thereby prejudice the Plaintiff who has long ago sold the Subject Premises. For the foregoing reasons, Defendant's motion must be denied in its entirety.

Dated: Syosset, New York
August 15, 2019

Respectfully submitted,

*/s/ Alan Smikun*
Alan Smikun, Esq.