UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

GUSTAVIA HOME, LLC,

Civil Action No.:
16-4029(SJ)(MRL)

Plaintiff,

-against-

JEAN MARC BIJOUX; JUNE FREEMAN BIJOUX a/k/a
JUNE FREEMAN a/k/a JUNE BIJOUX FREEMAN;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR CAPITAL ONE HOME LOANS, LLC; CITY
OF NEW YORK ENVIRONMENTAL CONTROL BOARD; CITY
OF NEW YORK DEPARTMENT OF TRANSPORTATION
PARKING VIOLATIONS BUREAU and JOHN DOE "1" through
"12", said persons or parties having or claimed to have a right, title
or interest in the Mortgaged premises herein, their respective names
are presently unknown to the Plaintiff,

Defendant(s).
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND DISMISS
## THE COMPLAINT

THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
516.921.3838
Attorneys for Plaintiff Gustavia Home, LLC

SERVED ON: August 20, 2020

# TABLE OF CONTENTS

Table of Contents..........................................................................................iii

Table of Authorities.....................................................................................vi

    I.     PRELIMINARY STATEMENT ..........................................1

    II.    PROCEDURAL HISTORY .................................................2

    LEGAL ARGUMENT ..............................................................4

    I.  Defendant's Application to Vacate his Default Must be Denied.......................4

        A.  The Relevant Legal Standard................................................4

        B.  The Burden of Proof.........................................................5

        C.  Service of Process...........................................................6

        D.  Application.....................................................................7

    II.  Defendant Has No Meritorious Defense to the Instant Action.......................10

        A.  Fraud and Collusion .......................................................11

        B.  Diversity ......................................................................13

        C.  Standing ......................................................................15

    III. Default Has Failed To Meet His Burden ..........................................17

  I.     CONCLUSION...............................................................18

# TABLE OF AUTHORITIES

## Table of Cases

*1077 Madison St. v. Smith,*
  2015 WL 5793427, at *11 (E.D.N.Y. Sept. 30 2015)...................................16

*Aurecchione v. Schoolman Transp. Sys., Inc.,*
  426 F.3d 635, 638 (2d Cir. 2005)..........................................................13

*Avail Holding LLC v. Ramos,*
  2019 U.S. Dist. LEXIS 208524 (E.D.N.Y. 2019).....................................15

*Bank of New York v. Samuels,*
  107 A.D.3d 653, 968 N.Y.S.2d 93 (2nd Dept. 2013)...................................9

*Bank of N.Y. v. Silverberg,*
  86 A.D.3d 274, 926 N.Y.S.2d 532 (2d Dept 2011)....................................16

*Burda Media, Inc. v. Viertel,*
  417 F.3d 292, 297 (2d Cir. 2005).............................................................5

*Cenlar FSB v. Tenenbaum,*
  172 A.D.3d 806, 806-7, 101 N.Y.S.3d 68, 69 (2nd Dept. 2019)..................15

*Commercial Bank of Kuwait v. Raifdain Bank,*
  15 F.3d 238, 243 (2d Cir. 1984)..............................................................17

*Community West Bank, N.A. v. Stephen,*
  127 A.D.3d 1008, 9 N.Y.S.3d 275 (2nd Dept. 2015)...................................5

*Davis v. Cannick,*
  691 F. App'x 673, 673 (2d Cir. 2017).......................................................9

*Deutsche Bank Trust Co. Ams. v. Garrison,*
  147 A.D.3d 725, 46 N.Y.S.3d 185 (2nd Dept. 2017).................................15

*Deutsche Bank Nat. Trust Co. v. Logan,*
  146 A.D.3d 861, 45 N.Y.S.3d 189 (2nd Dept. 2017).................................16

*Deutsche Bank Nat'l Trust Co. v. Spanos,*
  102 A.D.3d 909, 912 (2nd Dept. 2013).....................................................16

*Deutsche Bank Nat's Trust Co. v. Whalen,*
  107 A.D.3d 931 (2nd Dept. 2013)...........................................................16

*Enron Oil Corp. v. Diakuhara,*
  10 F.3d 90 (2nd Cir. 1993).....................................................................5

iii

*Eastern Sav. Bank, FSB v. Thompson,*
    631 F. App'x 13, 15 (2d Cir. 2015)..............................................................16

*Federal National Mortgage Association v. Rich Mar Construction Corp.,*
    138 Misc. 2d 316, 523 N.Y.S.2d 963 (Sup. Ct. 1988)...................................7

*Freeport-McMoRan v. K N Energy, Inc.,*
    498 U.S. 426 (1991)......................................................................................14

*JPMorgan Chase Bank, N.A. v. Roseman,*
    132 A.D.3d 1222 (2nd Dept. 2016)..............................................................15

*Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,*
    213 F.3d 48, 51–52 (2d Cir. 2000)...............................................................13

*Kissel v. DiMartino,* No. CV-92-5660(CS),
    1993 WL 289430, at *2 (E.D.N.Y. July 20, 1993).......................................14

*Kotlicky v. United States Fidelity & Gar. Co.,*
    817 F.2d 6, 9 (2d Cir. 1987).........................................................................7

*Lewis v. Allied Bronze LLC,*
    2007 WL 1299251, at *1 (E.D.N.Y. May 2, 2007)......................................13

*McCormick 110, LLC v. DeCosta,*
    2020 U.S. Dis. Lexis 14981 (E.D.N.Y. 2020)..............................................9

*Mercado v. Playa Realty Corp.,*
    2005 U.S. Dist. LEXIS 14895 (E.D.N.Y. 2005)...........................................11

*Metro. Life Ins. Co. v. Cammon,*
    No. 88 CV 5549, 1990 WL 44687 (N.D. Ill. Apr. 6, 1990)..........................14

*Metro. Life Ins. Co. Estate of Cammon,*
    929 F.2d 1220 (7th Cir. 1991)......................................................................14

*Morrison v. Nat'l Australia Bank Ltd.,*
    547 F.3d 167, 170 (2d Cir. 2008)................................................................13

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314,
    70 S. Ct. 652, 94 L. Ed. 865 (1950).............................................................6

*Nemaizer v. Baker,*
    793 F.2d 58 (2d Cir. 1986)...........................................................................15

*Nationstar Mtge. LLC v. MacPherson*,
  2017 N.Y Misc. Lexis 1296,
  2017 WL 1369877, N.Y. Slip Op. 27120 (Sup. Ct. Suffolk Cty. 2017)......................16

*NYCTL 1997-1 Trust v. Nillas*,
  288 A.D.3d 279, 732 N.Y.S. 2d 872, 873 (2nd Dept. 2001)...................................7, 8

*Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am, Inc.*,
  301 F.3d 54, 57 (2nd Cir. 2002)...............................................................7, 8

*Omni Capital Int'l Ltd. V. Rudolph Wolff & Co.*,
  484 U.S.97, 104, 108 S. Ct. 404,
  98 L. Ed. 2d 415 (1987)...............................................................................6

*Owen Equip. & Erection Co. v. Kroger*,
  437 U.S. 365, 373 (1978)...........................................................................13

*Palazzo ex rel. Delmage v. Corio*,
  232 F.3d 38, 42 (2d Cir. 2000).....................................................................14

*St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*,
  409 F.3d 73, 80 (2d Cir. 2005).....................................................................13

*Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc.*,
  708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010).......................................................5

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*,
  44 F.3d 1082, 1084 (2d Cir. 1995).................................................................8

*Universal Licensing Corp. v. Paola del Lungo S.p.A.*,
  293 F.3d 579, 581 (2d Cir. 2002)..................................................................13

*U.S. Bank N.A. v. Collymore*,
  68 A.D.3d 752, 753 (2d Dept. 2009)...............................................................16

*U.S. Bank, N.A. v. Crutch*,
  2012 WL 1605595, at *2 (E.D.N.Y. May 8, 2012)..............................................16

*White v. Abney*,
  2019 WL 1298452, at *3 (E.D.N.Y. Mar. 21, 2019)............................................14

*Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*,
  No. 03 Civ. 7778 (DLC), 2004 U.S. Dist. LEXIS 10786, 2004 WL 1328215,
  at *1 n. 2 (S.D.N.Y. Jun. 15, 2004)................................................................8

## Table of Statutes and Rules

*New York Civil Practice Law and Rules*

CPLR §308(2)..................................................................................6, 7

CPLR § 213(8)......................................................................................12

CPLR §3012(b)..................................................................................7, 10

*Federal Rules of Civil Procedure*

Fed. R. Civ. P. 4(e)(1).........................................................................6

FRCP Rule 4(e)(2)(B).......................................................................6, 7

Fed. R. Civ. P. 4(m)............................................................................2

Fed. R. Civ. P. 9(b)...........................................................................11

Fed. R. Civ. P. Rule 12(b)...................................................................8

Fed. R. Civ. P. 55(a)...........................................................................4

Fed. R. Civ. P. 55(c) ...........................................................................4

Fed. R. Civ. P. 60(b)........................................................................4, 5

Fed. R. Civ. P. 60(b)(4).......................................................................5

Fed. R. Civ. P. 60(c)(1) ........................................................................5

28 U.S.C. § 1332(a)(1)....................................................................10, 13

*Real Property Actions and Proceedings Law*

R.P.A.P.L 1303....................................................................................7, 10

## I.  PRELIMINARY STATEMENT

This action was brought to foreclose the mortgage made by Defendants Jean Marc Bijoux ("Bijoux") and June Freeman Bijoux a/k/a June Freeman a/k/a June Bijoux Freeman ("Freeman") on May 21, 2007 to Plaintiff's Predecessor in Interest, Capital One Home Loans ("Capital One") to secure the sum of $76,450.00 and interest (the "Mortgage"). The Mortgage secured the property known as 221-02 114th Avenue, Cambria Heights, New York, 11411 (hereinafter the "Subject Premises"). On the same date, Bijoux and Freeman also duly executed, acknowledged and delivered to Capital One a note in the amount of $76,450.00 (the "Note"). Based on the Defendants' default in payment on the Note and Mortgage the instant action was initiated with this Court on July 20, 2016 with the filing of the Summons and Verified Complaint. *See* ECF Docket No. 1 with corresponding Exhibits.

Defendant Jean Marc Bijoux brings the instant application for dismissal and vacatur of a default more than three and a half years after being served with the Summons, Verified Complaint, as well as, various notices received in conjunction with the applications made by Plaintiff, *i.e.,* Notice of Motion seeking Default Judgment [*See* ECF Docket No. 18 at Exhibit 9], Report and Recommendation [*See* ECF Docket No. 21], notices pertaining to the sale of the Subject Premises including the publishing of notices and after a sale being lawfully conducted by the Plaintiff. [*See* ECF Docket No. 27]. The Subject Premises was subsequently sold by judicial foreclosure sale pursuant to the Judgment of Foreclosure and Sale on March 29, 2018. The time to appeal any order entered herein has since expired.   Defendant Bijoux alleges, without any documentary proof for corroboration, that he was unaware of the instant action and was only informed of same when a Summary Holdover Proceeding was initiated against him in Civil Court. The Defendant's motion for vacatur pursuant to Fed. R. Civ. P. Rule 60(b) and dismissal pursuant to Fed. R. Civ. P. Rule 12(b) must be denied.

## II.    PROCEDURAL HISTORY

The instant action was commenced on July 20, 2016 with the filing of the Complaint. *See* ECF Docket No. 1.  Summons were issued on the same date.  *See* ECF Docket No. 2.  On November 3, 2016, Plaintiff filed a request for additional time to complete service on Defendant pursuant to Fed. R. Civ. P. 4(m). *See* ECF Docket No. 8.  On November 7, 2016 Magistrate Judge Robert M. Levy granted Plaintiff's Application.  *See* ECF Docket Entry November 7, 2016.  On November 14, 2016 Defendant Jean Marc Bijoux was served by substituted service.  *See* ECF Docket No. 13.  On January 3, 2017, a Request for Certificate of Default was filed by Plaintiff. *See* ECF Docket No. 15.  On January 10, 2017, the Clerk filed its Entry of Default as against the Defendants.  ECF Docket No. 17.  On January 24, 2017, Plaintiff filed its Motion for Default Judgment.  *See* ECF Docket Nos. 18 and 19.  On June 12, 2017 a Report and Recommendation was issued recommending that Plaintiff's Motion for Default Judgment be granted as to Defendants Bijoux, Freeman, MERS, ECB, and PVB, that default judgments be granted against them, and further recommending that plaintiff be awarded damages.  ECF Docket No. 20.  On September 30, 2017 an Order Adopting the Report and Recommendations was issued by the Honorable Judge Sterling Johnson, Jr. *See* ECF Docket No. 22. A Judgment in favor of Plaintiff was issued on October 5, 2017.  ECF Docket No. 23. A Judgment of foreclosure and Sale was issued on November 1, 2017. ECF Docket No. 25.  A sale was successfully held on March 8, 2018. ECF Docket No. 28.

On October 12, 2018 Defendant Jean Marc Bijoux filed a *pro se* Letter Motion to Vacate Default Judgment. *See* ECF Docket No. 29. On October 25, 2018, Defendant further filed a Motion to Vacate Judgment.  *See* ECF Docket No. 30.  On April 15, 2019 Defendant filed a Letter

requesting that this Court review the pending applications. *See* ECF Docket No. 31.  An Order was subsequently issued deferring a ruling in the Motion to Vacate filed on October 12, 2018 and directing Plaintiff to respond by August 16, 2019. *See* ECF Docket at July 11, 2019 Entry.  On July 11, 2019, a Corrective Notice of Hearing on Defendant's Motion to Vacate was noticed for October 1, 2019. *See* ECF Docket Entry July 11, 2019.  On July 12, 2019 Defendant filed a further Letter in Support of his Motion to Vacate. *See* ECF Docket No. 32.  On August 15, 2019, Plaintiff filed its Opposition to Defendant's Motion to Vacate. *See* ECF Docket Nos.: 34-37.  On August 15, 2019, the Court granted Plaintiff's request to adjourn the Conference to October 24, 2019. *See* ECF Docket Entry August 15, 2019.  On October 21, 2019, the Court further adjourned the matter to January 6, 2020. *See* Docket Entry October 21, 2019.  A Letter Motion was filed to Stay Proceedings on November 1, 2019. *See* ECF Docket No. 38.  On November 4, 2019, an Order was issued deferring a ruling on Defendant's Motion for a Stay, Plaintiff was directed to respond by November 25, 2019 and a status conference was scheduled on January 16, 2020. *See* Docket Entry November 4, 2019.  On November 25, 2019, Plaintiff filed its Reply in Opposition to Defendant's Motion for a Stay. *See* ECF Docket No. 39.  A status conference was held on January 16, 2020 wherein the Parties appeared for a Traverse Hearing and Defendant requested that a *Pro Bono* attorney be appointed for him and the matter was adjourned for a further status conference on February 5, 2020.  ECF Docket Entry January 16, 2020.  A further order was issued deferring ruling on Defendant's Motion to Vacate filed on October 25, 2018.  ECF Docket Entry January 21, 2020.

An Order was issued on January 22, 2020 directing appointment of an attorney from the *Pro Bono* Panel.  ECF Docket No. 40.  On January 31, 2020, Plaintiff requested an adjournment of the February 5, 2020 conference as no attorney was yet appointed nor appeared for

3

representation of the Defendant.  ECF Docket No. 41. Plaintiff's application was granted, and a conference was scheduled for March 25, 2020.  ECF Docket Entry February 4, 2020.  On February 10, 2020, a Notice of Appearance was filed by Karamvir Dahiya, Esq. on behalf of Defendant Jean Marc Bijoux.  ECF Docket No. 42.  On February 26, 2020, in light of the representation for Defendant Bijoux by Mr. Dahiya, the Court terminated all outstanding motions and Defendant was directed to refile his Motion to Vacate Judgment and that the Parties were to appear on March 26, 2020.  ECF Docket Entry February 26, 2020.  On February 26, 2020 Defendant filed a Motion to Adjourn the Conference, which was subsequently granted May 5, 2020.  *See* ECF Docket Entry February 26, 2020, March 20, 2020 and April 28, 2020.  On May 5, 2020 the Parties appeared telephonically and entered into a briefing schedule.  ECF Docket May 5, 2020.  On July 17, 2020, Defendant filed its Motion to Vacate Default Judgment. ECF Docket No. 45.

## LEGAL ARGUMENT

I. **DEFENDANT'S APPLICATION TO VACATE HIS DEFAULT MUST BE DENIED**

### A. The Relevant Legal Standard

Plaintiff filed a Request for a Certificate of Default on January 3, 2017. *See* ECF Docket No. 15 pursuant to Fed. R. Civ. P 55 (a), which was subsequently granted by the Entry of Default Judgment on January 10, 2017.  *See* ECF Docket No. 17.  Pursuant to Fed. R. Civ. P. 55(c) a court may set aside an entry of default for good cause, and it may set aside a default judgment under Fed. R. Civ. P. Rule 60(b).

Fed. R. Civ. P. Rule 60(b) empowers a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)

fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)

The criteria that must be assessed in order to decide whether to relieve a party from default or from default judgment are: whether a default was willful, whether setting aside a default would prejudice an adversary, and whether a meritorious defense is presented. Other relevant equitable factors that may be considered include whether failure to follow a rule of procedure was a mistake, made in good faith and whether entry of default would bring about harsh or unfair result. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2nd Cir. 1993).

**B.  The Burden of Proof**

Defendant claims that he was never served with the Summons and Verified Complaint nor any other notice or pleading associated with this action. *See* ECF Docket No. 45 Page 12-14. Whereas here, a defendant moves to vacate a default judgment for insufficient service of process, courts generally construe the motion as one made under Fed R. Civ. P. Rule 60(b)(4). *Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc.*, 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) ("Giving Defendant the benefit of the intendment of its argument, the Court interprets its brief to allege that the default judgment is "void" pursuant to Rule 60(b)(4) because Local 531 failed to adequately serve process, and thus the Court lacked jurisdiction to issue the default judgment against him.) *see also, Burda Media, Inc. v. Viertel*, 417 F.3d 292, 297 (2d Cir. 2005). When the validity of service of process is raised in a motion to set aside a default judgment, as in this case, the movant bears the burden of proof. *Id.* at 299. "A motion made under Rule 60(b) must be made within a reasonable time...." Fed. R. Civ. P. 60(c)(1).

### C. Service of Process

In order to establish personal jurisdiction over a Defendant, a Plaintiff must show valid service of process. *See Omni Capital Int'l Ltd. V. Rudolph Wolff & Co.*, 484 U.S.97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). Rule 4(e) states that service can be obtained "pursuant to the law of the state in which the district court is located." *See* Fed. R. Civ. P. 4(e)(1).

Additionally, Fed. R. Civ. P. Rule 4(e)(2)(B) provides that service can be made by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. As this Court is located in New York, CPLR §308(2) also provides in pertinent part:

> that personal service upon a natural person may be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business...

N.Y. C.P.L.R §308(2)

In order to exercise personal jurisdiction over the Defendant, the Plaintiff must (1) have served the Defendant in accordance with the requirements of state law; and (2) the assertion of jurisdiction must comport with due process, which requires that service of process be "reasonably calculated, under all the circumstances" to inform the defendant of the action and provide an opportunity to be heard and respond. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

"[C]ourts require that the evidence of the motion to vacate a final judgment be 'highly convincing.'" *Kotlicky v. United States Fidelity & Gar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). No evidence of this nature exists in this action.

### D. **Application**

In this case, on November 14, 2016, Joseph Leggio, the process server, served Defendant Jean Marc Bijoux with a copy of the Summons in a Civil Action, Verified Complaint, New York Real Property Actions and Proceedings Law ("RPAPL") Section 1303 Notice and Certificate of Merit pursuant to CPLR §3012(b) at 221-02 114th Avenue, Cambria Heights, New York 11411 by and through "Luc Bijoux" Defendant Jean Marc Bijoux's Brother, who is a person of suitable age and discretion. [*See* ECF Docket No. 13]

Additionally, on November 14, 2016, Joseph Leggio mailed the above-described documents to Jean Marc Bijoux in a 1st Class postpaid properly addressed envelope to 221-02 114th Avenue, Cambria Heights, New York 11411, the Defendant's place of residence. [*See* ECF Docket No. 13]. Defendant was properly served pursuant to Fed. R. Civ. P. Rule 4(e)(2)(B) and CPLR §308(2).

In New York, a process server's affidavit of service establishes a *prima facie* case of the account of the method of service. *Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am, Inc.*, 301 F.3d 54, 57 (2nd Cir. 2002); *see also NYCTL 1997-1 Trust v. Nillas*, 288 A.D.3d 279, 732 N.Y.S. 2d 872, 873 (2nd Dept. 2001) ("The affidavit of the process server constituted prima facie evidence of process service pursuant to CPLR 308...")   In order to be granted a traverse hearing, a party must present some questions of fact rather than mere denial of service. *Federal National Mortgage Association v. Rich Mar Construction Corp.*, 138 Misc. 2d 316, 523 N.Y.S.2d 963 (Sup. Ct. 1988).

A defendant's sworn denial of receipt of service…rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing. *NYCTL 1997-1 Trust v. Nillas*, 288 A.D.2d 279, 732 N.Y.S.2d 872, 873 (2nd Dept. 2001); *see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am.*, 301 F.3d 54, 57 (2d Cir. 2002) ("A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing."). In the instant application Counsel for the Defendant alleges that "Bijoux did not have notice of this lawsuit until when he was being served with the New York city court eviction papers." *See* ECF Docket No. 45 for Karamvir Dahiya, Esq. Affirmation in Support of the Motion to Vacate the Default Judgment and for Dismissal of the Complaint (hereinafter "Daviya Aff.") at Pg. 2 of 14 ¶2; *see also* ECF Docket No. 45 Pgs. 12-14 for Jean Marc Bijoux Affidavit in Support of Motion to Vacate the Default Judgment (hereinafter "Bijoux Aff.") ¶9, 11[1] and 12. There is no sworn denial of service within the instant application and any allegations made by Defendant's Counsel are moot as he has no personal knowledge. *See Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*, No. 03 Civ. 7778 (DLC), 2004 U.S. Dist. LEXIS 10786, 2004 WL 1328215, at *1 n. 2 (S.D.N.Y. Jun. 15, 2004) (*citing United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995))(refusing to consider attorney affidavit that is not based on personal knowledge for the purposes of a Rule 12(b)(2) motion). If this Court is to incorporate the Defendant's *prior* applications, which have since been vacated, the Defendant's arguments must similarly fail. *See* ECF Docket Entry February 26, 2020. Defendant, in those prior *pro se* and now vacated applications, alleges, without any documentary evidence nor a sworn affidavit from his brother,

---

[1] Bijoix avers in his Affidavit that "I came to this Court to file a motion to vacate the default judgment, in October 2018. Attached is my paper." *See* ECF Docket No. 45 ¶11. Nothing has been attached to the instant application for this Court to review.

Luc Bijoux, that he "never received proper service of the Complaint" and "when I asked my brother if he had received any Court papers, he said no." *See* ECF Docket No. 30 Page 2 of 3.

Defendant in his *prior* applications and the instant application submits to this Court only bare denials of service. There is no documentary evidence to corroborate any of the claims and allegations that are made in the Defendant's naked "affidavit." While a sworn denial of service containing specific facts generally rebuts the presumption of proper service and necessitates a hearing, "bare and unsubstantial denials" such as those made by Defendant here are insufficient to rebut the presumption of service. *McCormick 110, LLC v. DeCosta*, 2020 U.S. Dis. Lexis 14981 (E.D.N.Y. 2020); *See also Community West Bank, N.A. v. Stephen*, 127 A.D.3d 1008, 9 N.Y.S.3d 275 (2nd Dept. 2015); *see also Bank of New York v. Samuels*, 107 A.D.3d 653, 968 N.Y.S.2d 93 (2nd Dept. 2013).

Defendant Jean-Marc Bijoux's Affidavit in Support, submitted in an earlier application and incorporated herein, is hardly "probative" as the application is not supported by *any* evidence that Luc Bijoux does not reside with Jean-Marc Bijoux or that Luc Bijoux does not fit the description as provided in the Affidavit of Service of Jean Marc Bijoux. *See* ECF Docket No. 13. In fact, no Affidavit from Luc Bijoux is submitted with the application corroborating any of the Defendant's spurious allegations.

Here, Joseph Leggio, the process server, did not merely "conjure" up Luc Bijoux when service was effectuated on Jean Marc Bijoux on November 14, 2016. Luc Bijoux is not even a named Defendant in the action. *See* ECF Docket No. 13. Defendant's allegations regarding non-service on his brother, "Luc Bijoux on November 17, 2016" is only further corroborated by Defendant's own Affidavit that his brother is indeed Luc Bijoux. Similarly, Defendant's meritless allegations are belied by Plaintiff's submission of the Affidavit of Joseph Leggio attesting to

9

having a lengthy conversation with Luc Bijoux at the time service was effectuated on Jean Marc Bijoux. *See* Alan Smikun Declaration (hereinafter "Smikun Decl.") at Exh. "1". Mr. Leggio also was able to obtain a Global Positioning System Photograph of Luc Bijoux at the time of service and the signature of Luc Bijoux on Leggio's work ticket confirming receipt of the pleadings in the instant action. *See* Smikun Decl. at Exhibit "1"[2].

Notably, the Defendant's own Affidavit is silent as to receipt of any of the mailings in the instant action. *See* ECF Docket Nos. 30 and 45 pgs. 12-14. According to the Affidavit of Service filed in the instant action, on November 17, 2016, Joseph Leggio enclosed a copy of the RPAPL §1303 Notice, Summons, Verified Complaint and Certificate of Merit pursuant to CPLR §3012(b) in an envelope and mailed same to Jean Marc Bijoux at the Subject Premises. *See* ECF Docket No. 13. The Affidavit in Support from Defendant Jean Marc Bijoux is also silent as to receipt of any of the other mailings in the instant action[3]. *See* ECF Docket Nos. 29, 30, 31 and 45 pgs. 12-14.

Based on the foregoing, Defendant was properly served and has failed to appear or otherwise file an answer.

II.   **DEFENDANT HAS NO MERITORIOUS DEFENSE TO THE INSTANT ACTION**

Alternatively, Defendant has set forth no meritorious defense to the instant action. As defenses to the instant action, Defendant alleges that he is a victim of fraud and collusion between the loan originator and his former wife, that the loan he had applied for was for $12,000 and not what is being enforced now. *See* Dahiya Aff. Pg. 3 ¶1. Additionally, Defendant alleges that this Court has no jurisdiction under 28 U.S.C. §1332 because Plaintiff has failed to allege with any particularity who its single member was throughout this action. Dahiya Aff. Pg. 6-7. As a final

---

[2] *See* **Exhibit "B"**.
[3] Reference is also made to the various pleadings in the instant action which were mailed as demonstrated by the filed Affidavits of Service to the Subject Premises to which Jean Marc Bijoux has not denied receipt. [*See* ECF Docket Nos.:18, 21 and 26]. None of these mailings were returned to Plaintiff's attorney's office.

"meritorious" defense, the Defendant meritlessly alleges that Plaintiff has no standing to commence or maintain this action. *See Dahiya Aff. Pg. 8 ¶2.*

### A. Fraud and Collusion

In Defendant's *prior* vacated applications filed in this Court the Defendant initially alleged that he "signed the note and mortgage, but Ms. Freeman[4] told me that we had not received the money because I had bad credit. I thought, therefore, that we were not approved for the second mortgage." *See* Docket No. 30 Page 1 at ¶2. Defendant again readily admits in his instant application to signing the Note and Mortgage and alleges that monies were never dispersed because of his belief that he had "bad credit". *See* ECF Docket No. 45 pg.12 ¶3 and ECF Docket No. 30. The face value of the Note and Mortgage, which Defendant executed is clearly listed as $76,450.00. *See* ECF Docket No. 1 Exhs. B & C. To now feign ignorance regarding the amounts borrowed is both disingenuous and moot as the Defendant should have known what documents he was executing *when* they were executed.

Notably, a claim for fraud may arise when one misrepresents a material fact, knowing it is false, which another relies on to its injury. The elements for a claim of fraud under New York law are: (1) a false misrepresentation of fact; (2) with scienter (that is, deliberately or knowingly); (3) with an intent that a party will act or refrain from acting in reliance on the misrepresentation; and (4) that the party suffered pecuniary loss as a result of the reliance. Such a claim must be stated in federal court with particularity. *See* Fed. R. Civ. P. 9(b); *see also Mercado v. Playa Realty Corp.*, 2005 U.S. Dist. LEXIS 14895 (E.D.N.Y. 2005). Here, there have been no allegations made with any specificity or particularity against the originator. Even assuming, *arguendo*, Defendant has plead a claim for fraud, these allegations are untimely and barred as the alleged fraud occurred in

---

[4] June Freeman is a Co-Defendant in this action who also has failed to timely appear or answer and is a co-obligor and co-mortgagor. *See* Note and Mortgage at ECF Docket No. 1 Complaint at Exh. B. and Exh. C.

2007. *See* New York Civil Practice Law and Rules § 213(8). The claims were barred in or about 2013.

Defendant also admits in his *prior* applications that he rendered a payment of $700.18 to SN Servicing Corporation on behalf of Plaintiff Gustavia Home, LLC on September 28, 2018, and did not dispute that amounts were owed. *See* ECF Docket No. 29 and 45 Pgs. 12-14. Based on the foregoing, any allegations of fraud and/or collusion are moot as there was no dispute and there was a ratification of the terms of the Note and Mortgage.

The Defendant's allegations regarding fraud and collusion are further belied by documentary evidence as the Defendant was awarded the Subject Premises based on a Judgment of Divorce entered into by June Freeman-Bijoux and Jean Marc Bijoux on July 10, 2013, and the Subject Premises was deeded prior to Defendant Bijoux on May 31, 2011. The deed was later recorded on June 7, 2011 in the Office of the City Register of the City of New York County of Kings in CRFN: 2011000201507. *See* ECF Docket No. 29 Pages 6-8. Based on the Judgment of Divorce, Jean-Marc Bijoux had an obligation to indemnify and hold [June Freeman] free and harmless from any liabilities incurred in connection with the Residence located at 221-02 114th Avenue, Cambria Heights, New York 11411, including without limitation, **liability for mortgage obligations, taxes, rent, utilities, insurance and repairs...**" *See* Docket No. 29 Page 8 of 17 (emphasis added). Clearly, Defendant Jean Marc Bijoux, by willfully entering into the Judgment of Divorce was aware or *should have been aware* that a mortgage obligation existed since at least 2013. Defendant Jean-Marc Bijoux alleges that he only found out about this foreclosure action when he appeared for a holdover proceeding on September 11, 2018 and was advised by the judge to request a stay. *See* Docket No. 29 Page 1 of 17 and Docket No. 45 pgs. 12-14. Since 2011,

Defendant has been aware that this mortgage obligation existed, as he was owner of the Subject Property, and did absolutely nothing. Bijoux Aff. ¶5 at ECF Docket No. 45 pgs. 12-14.

### B. **Diversity**

District courts have diversity jurisdiction where, assuming the requisite amount in controversy, the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; "[t]hat is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). Moreover, "diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

The burden of establishing subject matter jurisdiction rests with the party invoking it. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citation omitted), *aff'd*, 561 U.S. 247 (2010); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

A limited liability company is completely diverse from opposing parties only if all of its members are citizens of different states than all opposing parties. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). That is, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, 2007 WL 1299251, at *1 (E.D.N.Y. May 2, 2007). For diversity purposes, an individual's citizenship "depends on his

[or her] domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017) (internal quotation marks and citation omitted). "Domicile is the place where a person has his [or her] true fixed home and principal establishment, and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted); *see also White v. Abney*, 2019 WL 1298452, at *3 (E.D.N.Y. Mar. 21, 2019). Diversity of citizenship is determined on the basis of the facts that existed at the time the action was filed. *Kissel v. DiMartino*, No. CV-92-5660(CS), 1993 WL 289430, at *2 (E.D.N.Y. July 20, 1993) (*citing Freeport-McMoRan v. K N Energy, Inc.*, 498 U.S. 426 (1991).

Plaintiff has successfully alleged diversity of citizenship in the Verified Complaint and subsequent pleadings that make it clear that the Plaintiff is a citizen of Florida. This Court relied upon the uncontested allegations in the Complaint and the Affidavit of Jared Dotoli, the *sole* member of Gustavia Home, LLC. *See* ECF Docket Nos. 1, 6, 18. In addition to the documentary evidence filed in this action, there has been several foreclosure actions brought in this very Court with the same Plaintiff where it was determined that Plaintiff Gustavia Home LLC is a citizen of Florida. Smikun Decl. Exh. "3"[5]. It is requested that this Court take judicial notice of Gustavia Home LLC's Operating Agreement, filed in other actions before this Court, as well as the Affidavits from Jared Dotoli, indicating that Plaintiff was organized under and maintained its office in Florida, and Dotoli, the *sole* member of Plaintiff, is a resident of Florida. Smikun Decl. Exh. 3 and Exh. 4.

---

[5] See 16-cv-04015 entitled Gustavia Home LLC v. Yvette Hoyer, *et al*.
See 16-cv-03989 entitled Gustavia Home LLC v. Nunu, *et al*.
See 16-cv-1011 entitled Gustavia Home LLC v. Jose A. Perez, *et al*. In this matter, diversity was specifically raised. *See* 16-cv-01011 Docket No. 60.
See 16-cv-02104 entitled Gustavia Home LLC v. Krupnikova, *et al*.

In *Metro. Life Ins. Co. v. Cammon*, No. 88 CV 5549, 1990 WL 44687 (N.D. Ill. Apr. 6, 1990), *aff'd sub nom, Metro. Life Ins. Co. Estate of Cammon*, 929 F.2d 1220 (7th Cir. 1991). The Court stated that:

> [i]t is unreasonable to expect the Court, without briefing and argument by the parties, to investigate the potential that plaintiff maintained two principal places of business. This is not typical situation and a court cannot be expected to make an inquiry into potential dual citizenship in each case to which a corporation is party. This is not the type of error that is so readily apparent that the Court could be deemed to have ignored its implication and usurped jurisdiction. Therefore, we concluded that the apparent diversity of citizenship between the parties to this action provided a reasonable basis for jurisdiction.

Id. at *7

Similarly, there has been sworn submissions from Plaintiff that this Court is requested to Judicial Notice of that there is a reasonable basis for concluding that diversity did, and still does, exist between the parties.  See *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986).   Defendant and his Counsel cites to no evidence to the contrary.

**C.  Standing**

With regards to Plaintiff's standing, which Defendant raises in his Motion, the Plaintiff has attached the Note to the Complaint which provides that Plaintiff has standing to commence and maintain this action. See *Avail Holding LLC v. Ramos*, 2019 U.S. Dist. LEXIS 208524 (E.D.N.Y. 2019); *citing* to *Cenlar FSB v. Tenenbaum*, 172 A.D.3d 806, 806-7, 101 N.Y.S.3d 68, 69 (2nd Dept. 2019) ("[T]he plaintiff demonstrated, *prima facie*, its standing to commence the action since the note, endorsed in blank, was attached as an exhibit to the complaint. This alone was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action was commenced."); *see also JPMorgan Chase Bank, N.A. v. Roseman*, 132 A.D.3d 1222 (2nd Dept. 2016)( Plaintiff has demonstrated standing by attaching a copy of the

15

original note to the complaint) and *see Deutsche Bank Trust Co. Ams. v. Garrison*, 147 A.D.3d 725, 46 N.Y.S.3d 185 (2nd Dept. 2017)([T]he record demonstrates that a copy of the underlying note bearing an *endorsement to the Bank* was annexed to the complaint)(emphasis added); *see also Deutsche Bank Nat. Trust Co. v. Logan*, 146 A.D.3d 861, 45 N.Y.S.3d 189 (2nd Dept. 2017); *Nationstar Mtge. LLC v. MacPherson*, 2017 N.Y Misc. Lexis 1296, 2017 WL 1369877, N.Y. Slip Op. 27120 (Sup. Ct. Suffolk Cty. 2017); *Deutsche Bank Nat's Trust Co. v. Whalen*, 107 A.D.3d 931 *citing cf. Deutsche Bank Nat'l Trust Co. v. Spanos*, 102 A.D.3d at 912).   Based on the foregoing, Plaintiff has established standing.

Notwithstanding the Plaintiff's evidentiary submissions, where, as here, the plaintiff's lack of standing is raised as a defense, it remains the plaintiff's burden to show it indeed has standing before the burden shifts to defendant.  *1077 Madison St. v. Smith*, 2015 WL 5793427, at *11 (E.D.N.Y. Sept. 30 2015), *aff'd* 670 F. App'x 745 (2d Cir. 2016). Under New York Law a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced. *U.S. Bank, N.A. v. Crutch*, 2012 WL 1605595, at *2 (E.D.N.Y. May 8, 2012) (quoting *U.S. Bank N.A. v. Collymore*, 68 A.D.3d 752, 753 (2d Dept. 2009); *see also Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 926 N.Y.S.2d 532 (2d Dept 2011).  In particular, whether the plaintiff holds the note is critical, since when a promissory note is delivered to an assignee, "the mortgage passes as an incident to the note." *Silverberg*, 86 A.D.3d at 280, 926 N.Y.S.2d at 537.  Significantly, being a holder or assignee of the underlying note is sufficient for standing to foreclose, because the mortgage passes with the debt as an inseparable incident." *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015)(*quoting Collymore*, 68 A.D.3d at 754).  Here, the Note contains a dated allonge into the Plaintiff executed on December 13, 2015, a date *prior* to the commencement of the instant

16

action. *See* ECF Docket No. 1 at Exh. B. Similarly, a written Assignment of the Note and Mortgage evincing further that Plaintiff has standing was filed with the Register of the City of New York. *See* ECF Docket No. 1 Exh. D.

Based on the foregoing documentary evidence, *i.e.*, the dated allonge, the written Assignment of Mortgage and the filing of same with the commencement documents in this action, Plaintiff has standing. Defendant does not rebut Plaintiff's documentary evidence.

## III.   **DEFENDANT HAS FAILED TO MEET HIS BURDEN**

A default may be set aside "for good cause shown," and the Second Circuit has held that courts are to consider the following three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil Corp. v. Daikuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Each of these factors must be considered by the Court. *Commercial Bank of Kuwait v. Raifdain Bank*, 15 F.3d 238, 243 (2d Cir. 1984). As discussed above, Defendant has no meritorious defense to this action. Further, Defendant was properly served with the Summons and Complaint in this action. *See* ECF Docket No. 13. Defendant was further served with pleadings from the instant action and has failed to rebut receipt in his Affidavit. *See* ECF Docket No. 45 pgs. 12-14. Defendant has sat idly by through this foreclosure action, feigning ignorance. Defendant has benefited from the delay by residing at the Subject Property without paying the mortgage, a mortgage that he does not deny executing and being in default of his obligations. Defendant is fully aware that he must indemnify his wife as an Agreement was executed over seven years ago. His reliance on an "alleged fraud" after he executed the Note and Mortgage is meant only to further elicit sympathy from this Court.

Defendant's Counsel also meritlessly alleges that there is "no prejudice caused to Gustavia, no delay here. Had they filed the case in state court wherein, the foreclosing parties usually file,

17

this case would have taken 3 to 5 years' time. This case was commenced in July 20, 2016 and default was entered January 10, 2017. Where is the delay?". Dahiya Aff. Pg. 4 at ¶4. Plaintiff is entitled to bring its rightful foreclosure cause of action in this Court. Here, both Parties continue to suffer from the delay, as the Subject Property continues to deprecate in value and the debt owed to Plaintiff continues to grow without any offers of payment from the Defendant. Here, Defendant has failed to meet its burden for vacatur of the default.

## CONCLUSION

Despite the Defendant having been served with a myriad of notices and pleadings in this foreclosure action, which he now conveniently is silent as to receipt, he has failed to appear and is in default. *See* ECF Docket No. 17. Defendant now comes before this Court with self-serving affidavits and no documentary evidence corroborating any of the allegations made within. The Defendant's allegations are belied by documentary evidence submitted by Plaintiff. Even assuming a reasonable excuse has been posited of failing to answer and/or appear in this action, the Defendant has failed to plead a meritorious defense to the instant action.

When given leave by this Court to remedy deficiencies in his *pro se* papers, Defendant Bijoux does little more than re-plead and offer even more incredulous and contradictory allegations than those offered to this Court in the past. Defendant having "no knowledge" of the Loan based on his credit worthiness, hearsay allegations and/or how much was actually loaned is a ruse. Defendant lays blame to being "duped" by his wife, June Freeman, who he has agreed to indemnify, is meant to simply distract this Court from the fact that Mr. Bijoux executed the Note and Mortgage and knew full well what was being loaned. The allegations regarding Defendant's default in answering are willful and meant solely to hinder Plaintiff from its rightful foreclosure action and are belied by documentary evidence of proper service on Defendant's Brother, Luc.

Vacatur of the default judgment in this action would bring about harsh or unfair result and thereby prejudice the Plaintiff who has long ago deeded the Subject Property.   For the foregoing reasons, Defendant's Motion must be denied in its entirety.

Dated:  Syosset, New York
        August 19, 2020

                                        Respectfully submitted,

                                        /s/ Alan Smikun
                                        Alan Smikun, Esq.