UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GUSTAVIA HOME, LLC,

                Plaintiff                         16 CV 4029 (SJ)(RML)

   -against-                               MEMORANDUM
                                           AND ORDER
JEAN MARC BIJOUX,

                Defendant.
----------------------------------------------------------X
A P P E A R A N C E S

THE MARGOLIN & WEINREB LAW GROUP
165 Eileen Way
Suite 101
Syosset, NY 11791
By: Randy J. Schaefer
*Attorney for Plaintiff*

DAHIYA LAW OFFICES, LLC
75 Maiden Lane
Suite 506
New York, NY 10038
By: Karamvir Dahiya
*Attorney for Defendant*


**JOHNSON, Senior District Judge:**

      Presently before the Court is a motion submitted by the plaintiff,

Gustavia Home, LLC ("Plaintiff"), to vacate Plaintiff's Default Judgment of

Foreclosure and Sale entered on November 1, 2017, and to vacate the

Referee's Deed dated March 29, 2018, and recorded on May 10, 2018 in the

Office of the City Register of the City of New York for the County of

Queens in City Register File Number 2018000156320. Plaintiff reports that

the defendant, Jean Marc Bijoux ("Defendant"), executed a Loan

Modification Agreement and rendered payment to Plaintiff's counsel. For

the reasons stated herein, Plaintiff's motion to vacate the default judgment

is GRANTED.

### Background

On July 20, 2016, Plaintiff Gustavia Home, LLC brought this

mortgage foreclosure action against Defendant Bijoux, June Freeman

Bijoux, Mortgage Electronic Registration Systems, Inc. as nominee for

Capital One Home Loans, LLC ("Capital One"), City of New York

Environmental Control Board, City of New York Department of

Transportation Parking Violations Bureau, and John Does "1" through "12"

pursuant to New York Real Property Actions and Proceedings Law §§ 1301

*et. seq.* (Compl. ¶ 1).

Defendant Bijoux was served via "deliver and mail" on November

14, 2016. (Dkt. No. 48, Ex. 1). Though personal service was not

accomplished, a true copy of the Summons and Complaint was served on a

person of suitable age at Defendant's residence on November 14, 2016.

(Dkt. Nos. 13 & 48, Ex. 1).[1]  The Summons and Complaint was also sent via United States first class mail to Defendant's last known residence on the same day. (Dkt. Nos. 13 & 48, Ex. 1).

Defendant failed to answer the Complaint and never appeared before the Court in connection with this action.  Accordingly, Plaintiff moved to enter a default judgment against Defendant on January 24, 2017. (Dkt. No. 18.).  The Court entered a default judgment against Defendant on October 5, 2017 ordering, *inter alia*, that Plaintiff be awarded damages totaling $125,210.73 against the Defendant and defendant Freeman Bijoux.[2] Subsequently, the Court entered a judgment of foreclosure and sale on the property at issue on November 1, 2017. (Dkt. No. 25).  A sale was successfully held on March 8, 2018. (Dkt. No. 28).

On October 12, 2018, over a year after entry of the default judgment, Defendant filed a *pro se* motion to vacate the judgment. (Dkt. No 29). Following initial briefing by the parties, the Court deferred a ruling on the motion to vacate and held the briefing schedule in abeyance pending the referral of Defendant to the Court's Pro Se Office for the appointment of *pro*

---

[1] This was Luc Bijoux, Defendant's brother.
[2] Specifically, the amount computed by the Court on the Note and mortgage against defendants Bijoux and Freeman jointly and severally was $73,290.11 in unpaid principal, $49,647.02 in accrued unpaid interest, and $2,273.00 in costs.

*bono* counsel.  Following the appointment of pro bono counsel, the Court terminated defendant's *pro se* motions and all related briefing and set a new briefing schedule. The Court denied Defendant's motion on May 3, 2021. (Dkt. No. 52). By that time, unbeknownst to the Court, Defendant had executed a Loan Modification Agreement with Plaintiff on or around March 30, 2021. On June 21, 2021, and in light of the loan modification agreement, Plaintiff filed a motion to vacate the Judgment of Foreclosure and Sale entered on November 1, 2017. (Dkt. No. 54). On August 12, 2021 Defendant filed a letter in support of the motion. (Dkt. No. 55).

### Discussion

A court may relieve a party from a final judgment, order, or proceeding if, *inter alia*, "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or . . . [for] any other reason that justifies relief," Fed. R. Civ. P. 60(b), provided that the motion is made timely. *See E. Sav. Bank, fsb v. Strez*, 320 F.R.D. 9, 10 (E.D.N.Y. 2017). Timeliness is a less significant consideration when an adverse party supports the motion. *Id.*

As the Second Circuit has noted, Rule 60(b) "allows extraordinary judicial relief" and should be "invoked only upon a showing of exceptional

circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citing *Ben Sager Chems. Int'l. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."). Accordingly, the court must seek to "strike[]a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (*quoting Nemaizer*, 793 F.2d at 61).

A balancing of the parties' settlement agreement against the public interest in the finality of judgments favors vacating the Judgment of Foreclosure and Sale. The parties entered into a loan modification agreement, which nullifies the Judgment of Foreclosure and Sale. Moreover, Plaintiff, the party that originally brought the action, is the party seeking vacatur and Defendant does not contest the vacatur. These facts taken together indicate that the parties will likely not disturb the terms of their settlement agreement. *See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Toney*, No. 17-CV-5516 (MKB), 2019 WL 3779876, at *2 (E.D.N.Y. Aug. 12, 2019).

Indeed, the public interest strongly counsels vacatur. *See, e.g., E. Sav. Bank, fsb*, 320 F.R.D. at 11-12 ("New York's public policy favors restoring the

parties to the lending arrangement positions they occupied before the events which led to default and foreclosure."). New York "places a very high premium on keeping homeowners in their homes and rehabilitating mortgage lending relationships." *Id.* at 11. Such is the case here. Parties negotiated and executed a loan modification agreement whereby defendant remained in his home and began to repay his mortgage on terms he does not contest.  (Dkt. No. 55).

### Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion and vacates the Judgment of Foreclosure and Sale entered on November 1, 2017.

The Office of the City Register of the City of New York for the County of Queens is directed to VACATE the Referee's Deed recorded on May 10, 2018, in the City Register File Number 2018000156320; and

The Clerk of Court is directed to VACATE the November 1, 2017 Judgment of Foreclosure and Sale and to close this case.

SO ORDERED.

Dated: ~~November~~ December 9, 2021
Brooklyn, New York

s/Sterling Johnson, Jr.

Sterling Johnson, Jr., U.S.D.J.